IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TINA M. VAZQUEZ                                                                       PLAINTIFF


v.                                        CIVIL NO. 18-3064


ANDREW M. SAUL,[1] Commissioner
Social Security Administration                                                        DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Tina M. Vazquez, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff was found to have become disabled as of November 9, 1994, by an ALJ's decision dated September 18, 1995. (Tr. 11). Plaintiff's disability was subsequently determined to have continued in a determination dated May 5, 2003. (Tr. 97-99). Pursuant to the continuing disability review process, Plaintiff was determined to no longer be disabled as of March 1, 2013. (Tr. 102-105, 135-137, 157-166). A hearing was held on December 18, 2013, and the cessation of Plaintiff's disability benefits was affirmed by a decision dated

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

August 8, 2014. (Tr. 66-95, 106-120). Plaintiff appealed the ALJ's August 8, 2014, decision and the Appeals Council remanded the case on January 27, 2016. (Tr. 127-131). A subsequent hearing before an ALJ was held on December 2, 2016, at which Plaintiff, represented by counsel, appeared and testified. (Tr. 32-65).

By written decision dated December 16, 2017, the ALJ found that as of March 1, 2013, the date Plaintiff's disability ended, Plaintiff had not engaged in substantial gainful activity. (Tr. 13). The ALJ found that as of March 1, 2013, Plaintiff had the following severe impairments: major depression, fibromyalgia, back pain, migraine headaches, neuropathy, right eye blindness, scoliosis and carpal tunnel syndrome. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that as of March 1, 2013, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4; and therefore the medical improvement occurred as of March 1, 2013. (Tr. 13-14). The ALJ found Plaintiff's medical improvement is related to the ability to work because, as of March 1, 2013, Plaintiff no longer had an impairment or combination of impairments that met or medically equaled the same listing(s) that was equaled at the time of the CPD. (Tr. 14). The ALJ found that Plaintiff's impairments continued to be severe as of March 1, 2013. The ALJ found that as of March 1, 2013, Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is able to frequently climb ramps, stairs, ladders, ropes, and scaffolds; frequently balance, stoop, kneel, crouch, and crawl; and handle and finger bilaterally on a frequent basis. In addition, she is limited to jobs that do not require peripheral vision acuity on the right and jobs that do not require complex written communication; and must avoid concentrated exposure to fumes, odors, dusts, gases, and poorly ventilated areas. Further, she is able to perform jobs in which interpersonal contact is incidental to the work performed; the complexity of tasks is learned and performed by rote with few

>     variables and little judgment; and the supervision required is simple, direct, and concrete.

(Tr. 16). With the help of a vocational expert, the ALJ determined that as of March 1, 2013, Plaintiff could perform work as a price marker, a plastics molding machine tender, and a routing clerk. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on May 1, 2018. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 23rd day of July 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE